KIRBY AISNER & CURLEY LLP
*Co-Counsel for Business Finland USA, Inc.*
700 Post Road, Suite 237
Scarsdale, New York 10583
Tel: (914) 401-9500
Julie Cvek Curley, Esq.
JCurley@kacllp.com

CERMELE & WOOD, LLP
*Co-Counsel for Business Finland USA, Inc.*
2 Westchester Park Drive, Suite 110
White Plains, New York 10604
Tel: (914) 967-2753
Michael R. Wood, Esq.
Mike@cw.legal

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

JAANA COLANGELO,

                    Debtor.

Chapter 7
Case No. 23-22355(SHL)

------------------------------------------------------------X
BUSINESS FINLAND USA, INC.,

                    Plaintiff,

       -against-

JAANA COLANGELO,

                  Defendant.

Adv. Pro. No. 23-_____(CGM)

------------------------------------------------------------X

**COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT
PURSUANT TO 11 U.S.C. §§ 523 (a)(2),(4) and (6) and 523(c)**

    Plaintiff, Business Finland USA, Inc. ("**Business Finland**" or "**Plaintiff**"), by way of Complaint against defendant, Jaana Colangelo ("**Colangelo**" or the "**Debtor**"), the Debtor in the above-captioned bankruptcy case, states:

## JURISDICTION AND VENUE

1.   The adversary proceeding arises in and relates to the bankruptcy case captioned *In re Jaana Colangelo*, United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Case No. 23-22355 (the "**Bankruptcy Case**").

2.   This adversary proceeding has been brought in accordance with Rule 7001(6) of the Federal Rules of Bankruptcy Procedure.

3.   This Court has jurisdiction of this action under 28 U.S.C. §§157 and 1334.

4.   This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(I).

5.   Venue is proper pursuant to 11 U.S.C. §§1409(a).

6.   This is an adversary proceeding commenced pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6) and 523(c) and Federal Rules of Bankruptcy Procedure 4007, 7001(6) and 7003, objecting to the dischargeability of Colangelo's debts to Business Finland.

## PARTIES

7.   Business Finland is a corporation formed and existing under the laws of the State of Delaware, having a principal place of business at 3301 Massachusetts Avenue N.W., Washington, D.C. 20008-3624. Business Finland was formerly known as Finpro USA, Inc.

8.   Colangelo is an individual residing at 66 Wilson Drive, New Rochelle, New York 10801 (the "**New Rochelle Residence**") and is the Debtor in the Bankruptcy Case.

## ALLEGATIONS COMMON TO ALL COUNTS

9.   Business Finland is a wholly-owned subsidiary of Business Finland Oy, formerly known as Finpro Oy (Business Finland Oy and Finpro Oy, and an association which operated prior to 2016 as Finpro Association, are all referred to herein as "**BFO**"). BFO is a Finnish non-profit

2

corporation owned by the Finnish Government and supervised by Innovaatiorahoituskeskus Business Finland, an agency of the Finnish government under the Ministry of Economic Affairs and Employment. The purpose of BFO and its subsidiaries, including Business Finland, is together with the agency to promote the competitiveness of Finnish industry by helping businesses go global and by supporting and funding innovations.

10. Prior to June, 2006, BFO operated in the United States as a foreign business corporation. In or about June 2006, BFO caused Business Finland to be formed as the corporate vehicle for its U.S. activities.

11. In addition to its office in Washington, D.C., Business Finland has since as early as 1997 maintained an office in the greater New York City area to facilitate its assistance to Finnish companies doing (or interested in doing) business in the Northeast United States region (the "**New York Office**").

12. From approximately March, 1997 until 2018, Colangelo was employed by Business Finland as its "Regional Administrator" (among other administrative roles), based in the New York Office. A copy of the Employment Agreement between Finpro USA, Inc. and Colangelo is annexed as Exhibit A.

13. In Colangelo's capacity as Regional Administrator, she managed all administrative aspects of the New York Office's operations, which also included the administrative aspects of Business Finland's activity throughout the USA. Among her duties was the periodic disbursement requests for the funding of all of Business Finland's operations and the submission of information used by BFO for cost evaluation and preparation of annual budgets.

14. Over the years Business Finland's trust and confidence in Colangelo grew to the point that she was entrusted with general authority for the administration of the New York Office, including access to its checking account as sole signatory.

15. To promote Business Finland's operations, it obtained all of its funding from its parent company in Finland. Business Finland's process to obtain funding from the parent organization involved preparation of a budget and then submissions of periodic funding requests. Once approved, Business Finland's parent company would then transfer the requested funds into Business Finland's bank accounts.

16. Colangelo was responsible for preparing and submitting funding requests on behalf of Business Finland to its parent company in Finland.

17. After these transfers, Business Finland's parent company from time to time sought from its U.S. subsidiary the supporting bank statements to audit Business Finland's use of the funds. Providing the necessary documentation was part of Colangelo's job and, accordingly, Colangelo would send what she portrayed to be true and accurate copies of Business Finland's bank statements showing use of the funds previously requested for Business Finland's business and expenses.

18. In the spring of 2017, Business Finland began to suspect that Colangelo had misappropriated its funds.

19. Starting in or about the fall of 2017, Colangelo was purportedly incapacitated by an injury and was on sick leave from employment from in or about December 2017 until her termination.

4

20. In the process of making the transition to a substitute administrator of the New York Office, Business Finland was able to conduct a forensic accounting investigation that revealed Colangelo's fraud and theft over a period of many years, violating Business Finland's trust and confidence in Colangelo.

21. During Business Finland's investigation, it discovered for the first time that between 2011-2017, Colangelo stole more than $4.8 million from Business Finland. The below chart shows the net amounts of money Colangelo took from Business Finland without authorization:

| Year | Net Amount Colangelo Stole From Business Finland |
|---|---|
| 2011 | $329,523.77 |
| 2012 | $642,034.61 |
| 2013 | $648,618.64 |
| 2014 | $651,109.20 |
| 2015 | $1,086,970.46 |
| 2016 | $938,644.67 |
| 2017 | $523,880.31 |
| **Total:** | **$4,820,781.63** |

22. Colangelo was able to accomplish this theft from Business Finland over a prolonged period of time through an elaborate scheme where she concealed and hid the true and correct financial statements and records from Business Finland and instead submitted recreated fake and altered financial statements and records.

23. Colangelo did not send true and accurate copies of Business Finland's bank statements. Colangelo created and then sent fraudulent falsified bank statements.

24. Colangelo would print Chase bank's logo onto documents that contained falsified transaction details to create something that appeared to be actual Chase bank statements, although they contained bogus transaction details that concealed her wrongdoing.

25. The fake account statements created by Colangelo omitted material transactions.

26. As only one example, Business Finland's actual bank statement for June 2015 reflected payments to American Express totaling $177,521.44, including a $71,766.45 payment on June 12, 2015, and several payments of over $15,000 in the second half of June 2015. A copy of Business Finland's true and correct bank statement for June 2015 is annexed hereto as Exhibit B.

27. The fake bank statement created by Colangelo purporting to be Business Finland's bank statement for June 2015 (i) does not contain any entries after June 12, 2015, (ii) does not show any entries for payments to American Express at all, (iii) omits and also alters transfers to Colangelo's personal account; (iv) inserts a fabricated $98,109 payment to Paychex, (v) inserts fabricated "CAN ACH PMT" debits of $17,659.62 and $49,091.73. A copy of the fake June 2015 bank statement is annexed hereto as Exhibit C.

28. Colangelo submitted the fake 2015 bank statement, as well as other fabricated or altered financial statements and records she created, to Business Finland.

29. When the fabricated or altered financial statements and records created by Colangelo were sent electronically to Business Finland's parent company, they looked genuine. No one in the office of the parent company had any reason to suspect that Colangelo had sent them anything different from what they requested.

30. Colangelo submitted the fake 2015 bank statement, as well as other fabricated or altered financial statements and records she created, to Business Finland with the intent to deceive Business Finland.

31. Colangelo submitted the fake 2015 bank statement, as well as other fabricated or altered financial statements and records she created, to Business Finland for the purpose of concealing her theft.

32. Using this scheme of submitting fake and altered financials, Colangelo was able to accomplish her theft by transferring millions of dollars directly from Business Finland's U.S. bank account to (i) pay her personal American Express credit card bills, or (ii) transferred funds into the joint bank account she shared with her husband Ronald Colangelo ("**Ronald**"), where the funds were further disbursed to pay her American Express credit card or transferred to bank accounts Ronald controlled, including Blacklabrador.com Inc. ("**Black Labrador**").

33. Colangelo used the money she stole from Business Finland for herself, including but not limited to extensively renovating the New Rochelle Residence, taking her family on a lavish vacation to southern France, purchasing watches and jewelry for herself and her family, paying for a country club membership for herself and her family, and paying the private school tuition for her four (4) children at the French-American School of New York.

34. Business Finland sued Colangelo in the Supreme Court of the State of New York, Westchester County captioned *Business Finland USA, Inc. v. Jaana Bernadotte-Colangelo and Finpro USA Inc.*, assigned Index No. 59629/2018 (the "**State Court Action**").

35. In the amended complaint (the "**Amended Complaint**") filed in the State Court Action, Business Finland asserts five (5) causes of action against Colangelo: (i) first cause of action

for faithless servant, (ii) second cause of action for fraud, (iii) third cause of action for conversion, (iv) fourth cause of action for breach of fiduciary duty, and (v) fifth cause of action for imposition of constructive trust on the New Rochelle Residence. A copy of the Amended Complaint, which is incorporated as if fully set forth herein, is annexed as Exhibit D.

36. In the State Court Action, Business Finland filed a motion for partial summary judgment against Colangelo on its first cause of action for faithless servant and fifth cause of action for imposition of a constructive trust. On December 21, 2020, a Decision and Order granting Business Finland's summary judgment motion was entered in the State Court Action (the "**Decision & Order**"), which is incorporated as if fully set forth herein and is annexed hereto as Exhibit E.

37. In the Decision & Order, the Court granted summary judgment on the first cause of action for faithless servant and on the fifth cause of action for the imposition of a constructive trust based upon its findings that:

- [Colangelo] engaged in repeated and disloyal conduct against [Business Finland].

- In 2015 alone, [Colangelo] charged $31,716 to pay an electrician, A Perfect Goldman Electrical Contractors, spent $19,294 on new appliances from Leibert's Royal Green in White Plains, and paid $24,672 for bathroom fixtures and furnishings with Consolidated Plumbing. [Colangelo] paid for these improvements by using [Colangelo]'s American Express credit card and writing checks from [her husband]'s company Black Labrador. However, the money to pay the American Express bill and to fund Black Labrador came from [Business Finland]'s 0565 account. [Colangelo] charged at least $402,164.08 of expenses on [Colangelo]'s American Express card related to improving [the New Rochelle Residence].

- [Colangelo] would pay the American Express bill directly from [Business Finland]'s 0565 account or route money to her AmEx account.

- The Court finds a persistent pattern of disloyalty throughout [Colangelo]'s employment with [Business Finland]. [Colangelo] has failed to rebut [Business Finland]'s prima facie showing that she misappropriated funds. As a result, forfeiture of compensation is the appropriate remedy.

- The Court finds that [Business Finland] demonstrated prima facie entitlement to the imposition of a constructive trust by establishing that the signatory power entrusted by [Business Finland] to [Colangelo] was used by [Colangelo] to divert funds from [Business Finland]'s Chase account and that those funds were improperly used to pay for significant renovations to the [New Rochelle Residence].

38. On March 16, 2021, a Judgment was entered in favor of Business Finland against Colangelo in the amount of $522,732.79, a copy of which is annexed hereto as Exhibit F (the "**Judgment**").

39. The claims and issues litigated in the State Court Action and as ruled final in the Decision & Order are binding on Colangelo as *res judicata.*

40. Although the Judgment was in Business Finland's favor, it resolved only a portion of its total claims against Colangelo. Trial was scheduled in the State Court Action for May 15, 2023 on Business Finland's remaining claims against Colangelo, which is what Business Finland believes has led Colangelo to file the Bankruptcy Case.

41. On May 9, 2023, (the "**Petition Date**"), Colangelo filed a voluntary petition for relief with the Bankruptcy Court under chapter 7, title 11, United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), commencing the Bankruptcy Case.

42. Colangelo filed Asset and Liability Schedules on May 9, 2023 [ECF No. 1] (the "**Schedules**").

43. On June 15, 2023, Colangelo attended the 341 Creditors Meeting (the "**341 Creditors Meeting**").

## COUNT ONE – Fraud, False Pretenses, False Representations
## BANKRUPTCY CODE §523(a)(2)(A) and (c)

44. Business Finland hereby incorporates all foregoing paragraphs as if fully restated here.

45. Colangelo obtained money and property from Business Finland by false pretenses, false representations and/or fraud, other than statements respecting Colangelo's or insiders of Colangelo's financial condition.

46. Colangelo's false pretenses, false representations and/or fraud include, but are not limited to: 1) diverting money from Business Finland's bank accounts to her personal bank account; 2) diverting money from Business Finland's bank accounts to covert bank accounts maintained by Colangelo; 3) transferring Business Finland's money for her own use; 4) misusing Business Finland's credit cards; 5) issuing checks to herself; 6) borrowing money for her own benefit; 7) remitting Business Finland's money to American Express to pay her own personal credit card, without authorization; 8) hiding and concealing material financial statements and records that she had stolen Business Finland's money; 9) altering and fabricating financial statements, records, and funding requests to hide that she had stolen Business Finland's money; and 10) submitting altered and fabricated financial statements and records to Business Finland.

47. Colangelo personally undertook every one of these acts for herself and for the benefit of her husband, Ronald, and their children.

48. At the time that Colangelo took these actions, made the (mis)representations, and/or concealed material facts, she knew that her representations were false, or she omitted the truth intentionally. Colangelo knew that material parts of the financial statements, records, and funding

requests were false, and she submitted each of them with the intent that Business Finland should accept them as true and disburse funds accordingly.

49. Business Finland was deceived by Colangelo's submission of fake and altered financial statements and records, and funding request, which, based on its longstanding trust in Colangelo as an employee for many years, it accepted as true.

50. These representations and omissions were material to Business Finland. Acting in reliance on the said false requests Business Finland disbursed to the New York Office the amounts requested, thereby suffering loss in the amount of the difference between each amount requested and the true amount that Business Finland's operations needed for the said period. Business Finland would not have kept Colangelo as an employee had it known that she had been falsifying financial statements and records and stealing from Business Finland.

51. Colangelo made these misrepresentations and undertook these omissions with the actual intent and purpose of deceiving Business Finland.

52. Business Finland relied on Colangelo's representations and her truthfulness when it hired Colangelo and placed her in a position of trust and confidence as a regional manager with a duty of loyalty.

53. Acting with fraudulent intent, between at least 2011 and 2017, Colangelo caused Business Finland to distribute to her personally over $4.8 million dollars.

54. Colangelo's actions, false representations, and actual fraud caused significant damages to Business Finland and entitle Business Finland to judgment determining that (i) the Judgment against Colangelo in the amount of $522,732.79 in favor of Business Finland on the first cause of action for faithless servant, and (ii) all damages awarded in the State Court Action for

Business Finland's second cause of action for fraud, third cause of action for conversion, fourth cause of action for breach of fiduciary duty, and fifth cause of action for imposition of constructive trust on the New Rochelle Residence, are all deemed non-dischargeable by Colangelo in this Bankruptcy Case, pursuant to 11 U.S.C. §§523(a)(2)(A) and (c).

**COUNT TWO – Fraud or Defalcation in a Fiduciary Capacity**
**BANKRUPTCY CODE §523(a)(4) and (c)**

55. Business Finland hereby incorporates all foregoing paragraphs as if fully restated here.

56. Colangelo also undertook contractual duties as an employee, agreeing to be bound by company policies that require employees to safeguard company property and confidential information.

57. As an employee of Business Finland, and due to the special trust in confidence that Business Finland reposed in her, Colangelo owed a fiduciary duty and other legal duties to Business Finland and BFO.

58. Colangelo's fiduciary duties to Business Finland included but were not limited to a duty of trust, good faith, fair dealing, and loyalty.

59. As a direct and proximate result of the conduct alleged herein, Business Finland has sustained severe economic injury.

60. Colangelo had the motive to injure Business Finland and/or knew that Business Finland was substantially certain to be injured from her conduct, as described.

61. As Colangelo's conduct involved falsifying financial statements and records, concealing true and correct financial statements and records, making false representations and/or omissions of material facts. Colangelo intended for Business Finland to rely on her representations

12

or to believe her even though she was omitting material facts.

62. Business Finland had no reason to know that Colangelo was submitting false financial statements and records and omitting material facts (like payment of her personal credit card and transfers to covert bank accounts), and Business Finland justifiably relied on Colangelo's representations. Business Finland paid Colangelo for the work she claimed to have performed for Business Finland, all the while she was harming Business Finland.

63. Colangelo was the proximate cause of Business Finland's damages.

64. Colangelo's conduct was wrongful, done intentionally, and caused Business Finland's injury without just cause.

65. Colangelo's breach of her fiduciary duties as an employee of Business Finland entitle Business Finland to judgment determining that (i) the Judgment against Colangelo in the amount of $522,732.79 in favor of Business Finland on the first cause of action for faithless servant, and (ii) all damages awarded in the State Court Action for Business Finland's second cause of action for fraud, third cause of action for conversion, fourth cause of action for breach of fiduciary duty, and fifth cause of action for imposition of constructive trust on the New Rochelle Residence, are all deemed non-dischargeable by Colangelo in this Bankruptcy Case, pursuant to 11 U.S.C. §§523(a)(4)(A) and (c).

**COUNT THREE – Willful and Malicious Injury**
**BANKRUPTCY CODE §523(a)(6) and (c)**

66. Business Finland hereby incorporates all foregoing paragraphs as if fully restated here.

67. Business Finland intended, all along, for assets and business operations to be maintained and preserved, with Colangelo being hired to provide managerial, accounting

13

bookkeeping, and administrative reporting to Business Finland. Colangelo acknowledged this when she signed the Employment Agreement.

68. Despite Business Finland's expectations, Colangelo ignored what Business Finland wanted and set out with willful and malicious intent to injure Business Finland and steal from Business Finland.

69. As described above, Colangelo obtained money and property from Business Finland by false pretenses, false representations and/or fraud, other than statements respecting Colangelo's or insiders of Colangelo's financial condition. These false pretenses, false representations and/or fraud include, that: 1) diverting money from Business Finland's bank accounts to her personal bank account; 2) diverting money from Business Finland's bank accounts to covert bank accounts maintained by Colangelo; 3) transferring Business Finland's money for her own use; 4) misusing Business Finland's credit cards; 5) issuing checks to herself; 6) borrowing money for her own benefit; 7) remitting Business Finland's money to America Express to pay her own personal credit card, without authorization; 8) hiding and concealing material financial statements and records that she had stolen Business Finland's money; 9) altering and fabricating financial statements, records, and funding requests to hide that she had stolen Business Finland's money; and 10) submitting altered and fabricated financial statements and records to Business Finland.

70. Also as described above, Colangelo breached her fiduciary obligations as an employee of Business Finland by undertaking these acts while she had employee duties of loyalty and contractual duties (both express and implied) to maintain preserve Business Finland's assets and operations.

71. Colangelo caused willful and malicious injury to Business Finland and Business Finland's property through the acts of her misappropriation, breaches, and fraudulent conduct.

72. All of this conduct was wrongful, done intentionally, and caused Business Finland injury without just cause.

73. Colangelo had the motive to cause injury on Business Finland and knew that injury was substantially certain to result from her conduct.

74. Colangelo personally undertook every one of these acts for herself and for the benefit of her husband Ronald, and their children.

75. For all of these reasons, Business Finland is entitled to judgment determining that (i) the Judgment against Colangelo in the amount of $522,732.79 in favor of Business Finland on the first cause of action for faithless servant, and (ii) all damages awarded in the State Court Action for Business Finland's second cause of action for fraud, third cause of action for conversion, fourth cause of action for breach of fiduciary duty, and fifth cause of action for imposition of constructive trust on the New Rochelle Residence, are all deemed non-dischargeable by Colangelo in this Bankruptcy Case, pursuant to 11 U.S.C. §§523(a)(6) and (c).

## REQUEST FOR RELIEF

Wherefore, Plaintiff Business Finland respectfully requests judgment against Colangelo as follows:

(i) judgment determining that (i) the Judgment against Colangelo in the amount of $522,732.79 in favor of Business Finland on the first cause of action for faithless servant, and (ii) all damages awarded in the State Court Action for Business Finland's second cause of action for fraud, third cause of action for conversion, fourth cause of

action for breach of fiduciary duty, and fifth cause of action for imposition of constructive trust on the New Rochelle Residence, are all deemed non-dischargeable by Colangelo in this Bankruptcy Case, pursuant to 11 U.S.C. §§523(a)(2) and (c);

(ii) judgment determining that (i) the Judgment against Colangelo in the amount of $522,732.79 in favor of Business Finland on the first cause of action for faithless servant, and (ii) all damages awarded in the State Court Action for Business Finland's second cause of action for fraud, third cause of action for conversion, fourth cause of action for breach of fiduciary duty, and fifth cause of action for imposition of constructive trust on the New Rochelle Residence, are all deemed non-dischargeable by Colangelo in this Bankruptcy Case, pursuant to 11 U.S.C. §§523(a)(4) and (c);

(iii) judgment determining that (i) the Judgment against Colangelo in the amount of $522,732.79 in favor of Business Finland on the first cause of action for faithless servant, and (ii) all damages awarded in the State Court Action for Business Finland's second cause of action for fraud, third cause of action for conversion, fourth cause of action for breach of fiduciary duty, and fifth cause of action for imposition of constructive trust on the New Rochelle Residence, are all deemed non-dischargeable by Colangelo in this Bankruptcy Case, pursuant to 11 U.S.C. §§523(a)(6) and (c); and

(The remainder of this page is intentionally left blank.)

(iv) Such other and further relief this Court deems just and appropriate.

Dated: Scarsdale, New York
December 14, 2023

        KIRBY AISNER & CURLEY, LLP
*Co-Counsel for Business Finland USA, Inc.*
700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500

By: */s/ Julie Cvek Curley*
      Julie Cvek Curley


CERMELE & WOOD, LLP
*Co-Counsel for Business Finland USA, Inc.*
2 Westchester Park Drive, Suite 110
White Plains, New York 10604
(914) 967-2753


By: */s/ Michael R. Wood*
      Michael R. Wood