KIRBY AISNER & CURLEY LLP
*Co-Counsel for Business Finland USA, Inc.*
700 Post Road, Suite 237
Scarsdale, New York 10583
Tel: (914) 401-9500
Julie Cvek Curley, Esq.
JCurley@kacllp.com

CERMELE & WOOD, LLP
*Co-Counsel for Business Finland USA, Inc.*
2 Westchester Park Drive, Suite 110
White Plains, New York 106040
Tel: (914) 967-2753
Michael R. Wood, Esq.
Mike@cw.legal

*Hearing Date: January 30, 2025*
*Hearing Time: 10:00 a.m.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

JAANA COLANGELO,

                          Debtor.

Chapter 7
Case No. 23-22355(KYP)

------------------------------------------------------------X
BUSINESS FINLAND USA, INC.,

                          Plaintiff,

        -against-

JAANA COLANGELO,

                          Defendant.

Adv. Pro. No. 23-07036 (KYP)

------------------------------------------------------------X

**PLAINTIFF'S REPLY MEMORANDUM OF LAW**
**IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

Table of Authorities ................................................................................................. i-iv

Preliminary Statement.............................................................................................. 2

Arguments

    I.      The Findings and Determinations of the State Court in Its Decision and Order, Together with the Core Facts That Business Finland Established in Its Motion, Remain Undisputed and Entitle Business Finland to Summary Judgment ......................................... 4

    II.     The Debtor's Efforts to Distract From the Undisputed Findings and Facts Should Be Rejected...................................................................... 8

Conclusion ................................................................................................................ 10

# TABLE OF AUTHORITIES

**CASES**         **PAGE(S)**

*Bank of Am. v. Jarczyk,*
   268 B.R. 17 (W.D.N.Y. 2001) ................................................................... 4

*Fellows, Read & Assocs. v. Rieder*
   194 B.R. 734, 737 (S.D.N.Y. 1996) ........................................................... 4

*Follet Higher Educ. Grp., Inc. v. Berman (In re Berman)*
   629 F.3d 761 (7th Cir. 2011) ..................................................................... 5

*Hawkins v. N.Y. State Office of Mental Health*
   No. 17-CV-649, 2019 WL 4520801 (S.D.N.Y. Sept. 19, 2019),
   aff'd, 845 F.App'x 9 (2d Cir. 2021) ........................................................... 8

*Kawaauhau v. Geiger*
   523 U.S. 57 (1998) ..................................................................................... 6

*Nassau Suffolk Limousine Assoc. v. Jardula (In re Jardula)*
   122 B.R. 649 (Bankr. E.D.N.Y. 1990) ...................................................... 5

*Rocco v. Goldberg (In re Goldberg)*
   487 B.R. 112 (Bankr. E.D.N.Y. 2013) ...................................................... 6

Business Finland USA, Inc., plaintiff in this adversary proceeding ("**Plaintiff**" or "**Business Finland**"), by its counsel, Kirby Aisner & Curley LLP, respectfully submits this Reply Memorandum of Law (the "**Reply**") in further support of its motion [ECF No. 15] (the "**Motion**")[1] pursuant to Rule 56 of the Federal Rules of Civil Procedure (the "**Federal Rules**"), as made applicable by Rule 7056 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for summary judgment against the above captioned chapter 7 debtor and defendant, Jaana Colangelo ("**Debtor**" or "**Defendant**") arising from the Debtor's fraud, theft, and conversion from Plaintiff on the claims for relief set forth in its complaint dated December 14, 2023 (the "**Complaint**"), and in response to the Debtor's opposition dated December 16, 2024 [ECF No. 27] (the "**Opposition**") to the Motion.

## PRELIMINARY STATEMENT

In its Motion, Business Finland clearly and abundantly establishes previously decided issues of law and undisputed facts sufficient for this Court to grant summary judgment on the determination of nondischargeability of the debt owed by the Debtor.

The Decision and Order issued in the State Court Action between these same parties, with respect to the same factual issues, contains findings and conclusions of law that directly and conclusively satisfy the elements of nondischargeability under 11 U.S.C. §§523(a)(2)(A), 523(a)(4), 523(a)(6), and 523(c).

In her Opposition to the Motion for summary judgment relief, the <u>Debtor does not object</u> to this Court applying the full faith and credit statutes for collateral estoppel. The <u>Debtor also does not dispute</u> that the State Court has already decided that the Debtor had made false representations and committed defalcation while acting in a fiduciary capacity. By her silence on these key issues,

---

[1] Capitalized terms used herein not otherwise defined shall have the meaning ascribed to them in the Motion and Statement of Facts.

Debtor concedes that the State Court's Decision and Order contains crystal clear factual findings and conclusions of law that the Debtor committed fraud, made false pretenses, false representations, defalcated Plaintiff's funds while acting in a fiduciary capacity, and thereby caused willful and malicious injury to Business Finland. Those same rulings unequivocally establish the requisite elements of Business Finland's Motion now before this court.

Throughout the State Court Action and again in the Motion, Business Finland has painstakingly detailed how, for more than six years, the Debtor engaged in repeated acts of fraud, falsification of documents and concealment, amongst various other disloyal acts against her former employer, Business Finland. Debtor does not—and cannot—refute these facts or the findings of the State Court in its Decision and Order, so her Opposition instead attempts to muddy the relevant issues with irrelevant information extraneous to Business Finland's Motion.

The Debtor's Opposition is conclusory and contrary to facts established by documentary evidence and issues already decided against the Debtor by the State Court in its Decision and Order. It describes in detail supposed "facts" that are completely irrelevant to the instant Motion. The Opposition does not even attempt to contest that principles of collateral estoppel estop the Debtor from challenging the relevant factual findings and rulings already made by the State Court.

Therefore, the findings of fact and conclusion of law contained in the State Court's Decision and Order, together with the evidence submitted by Business Finland in support of this Motion, demonstrate that there are no genuine disputes of material fact or law and Business Finland should be granted summary judgment its claims for nondischargeability under 11 U.S.C. §§523(a)(2)(A), 523(a)(4), 523(a)(6), and 523(c).

## ARGUMENT

I. **THE FINDINGS AND DETERMINATIONS OF THE STATE COURT IN ITS DECISION AND ORDER, TOGETHER WITH THE CORE FACTS THAT BUSINESS FINLAND ESTABLISHED IN ITS MOTION, REMAIN UNDISPUTED AND ENTITLE BUSINESS FINLAND TO SUMMARY JUDGMENT**

In the Motion, Business Finland sets forth the State Court's findings of fact, determination of issues and conclusions of law, all of which remain undisputed and satisfy all the elements of Business Finland's nondischargeability causes of action. Each element is described in the Motion, but they are articulated again here to illustrate that Debtor <u>does not refute</u> how each element is fulfilled by the existing determinations of fact in the State Court's Decision and Order.

With respect to Business Finland's first cause of action for nondischargeability under 11 U.S.C. §§523(a)(2)(A), Business Finland established, and the Debtor did not (and could not) dispute, that all of the elements to sustain a cause of action under 11 U.S.C. §523(a)(2)(A)[2] were already determined by the State Court in its Decision and Order and thus satisfied, including:

(i) The debtor made a representation: ***The Decision and Order contains findings that "[the Debtor] acknowledged that in June 2015 <u>she provided a bank statement to [Plaintiff's] Helsinki office</u>…"*** *See,* Decision and Order, Statement of Facts ¶30, Exhibit G, at page 7;

(ii) At the time the representation was made, the debtor knew it was false: ***The Decision and Order contains findings that "[the Debtor] acknowledged that in June 2015 she provided a bank statement to [Plaintiff's] Helsinki office <u>which was not entirely accurate</u> …"*** *Id.*;

(iii) The debtor made the representation with the intention of deceiving the creditor: ***The Decision and Order contains findings that "[the Debtor] acknowledged that in June 2015 she provided a bank statement to [Plaintiff's] Helsinki office which was not entirely accurate <u>because she wanted to be paid for all of her expenses</u> …"*** *Id.* Thus, the Debtor acknowledged that she submitted the falsified bank statements in order to receive payment from Plaintiff in ways she never disclosed to Plaintiff;

---

[2] *See, Bank of Am. v. Jarczyk,* 268 B.R. 17, 21 (W.D.N.Y. 2001) (citations omitted); *see also Fellows, Read & Assocs. v. Rieder,* 194 B.R. 734, 737 (S.D.N.Y. 1996).

4

(iv)    The creditor justifiably relied on the representation: ***The Decision and Order contains findings that "no one in [Business Finland's] Office had any reason to suspect that [the Debtor] had sent them anything different from what they requested."*** *See,* Decision and Order, Statement of Facts ¶31, Exhibit G, at page 4; and

(v)    the creditor sustained loss or damage as the proximate consequence of the false, material misrepresentation: ***The Decision and Order contains findings that "[the Debtor] has failed to rebut [Business Finland]'s prima facie showing that she misappropriated funds."*** *See,* Decision and Order, Statement of Facts ¶31, Exhibit G, at page 7.

With respect to Business Finland's second cause of action for nondischargeability under 11 U.S.C. §§523(a)(4), Business Finland established, and the Debtor did not (and could not) dispute, that all of the elements to sustain a cause of action under 11 U.S.C. §523(a)(4)[3] were determined by the State Court in its Decision and Order and thus satisfied, including: (i) the existence of a fiduciary relationship, and (ii) the Debtor's defalcation, misappropriation, or diversion of Business Finland's funds.

In deciding the faithless servant claim in Business Finland's favor against the Debtor, the State Court specifically examined and decided both of these elements. As to the first element, the Decision and Order contains findings that "[the Debtor] opened [Business Finland]'s bank account at Chase Bank and was an authorized signatory. [Business Finland] entrusted her to handle its funding requests and disbursements..." *See,* Decision and Order, Statement of Facts ¶28, Exhibit G, at page 3. The State Court likewise decided the second element of defalcation by finding that "the signatory power entrusted by [Business Finland] to [the Debtor] was used by [the Debtor] to divert funds from [Business Finland's] Chase account." *See,* Decision and Order, Statement of Facts ¶28, Exhibit G, at page 9.

---

[3] *See, e.g., Nassau Suffolk Limousine Assoc. v. Jardula (In re Jardula),* 122 B.R. 649, 657-58 (Bankr. E.D.N.Y. 1990); *Follet Higher Educ. Grp., Inc. v. Berman (In re Berman),* 629 F.3d 761, 769 (7th Cir. 2011).

With respect to Business Finland's third cause of action for nondischargeability under 11 U.S.C. §§523(a)(6) for willful and malicious injury, Business Finland established, and the Debtor did not (and could not) dispute, that all of the elements to sustain a cause of action under 11 U.S.C. §523(a)(6)[4] were determined by the State Court in its Decision and Order and thus satisfied, including extensive factual findings that the Debtor's conduct was willful:

- "[the Debtor] acknowledged that…[she] provided a bank statement to [Business Finland] which was not entirely accurate because she wanted to be paid for all of her expenses." *See,* Decision and Order, Statement of Facts ¶30, Exhibit G, at page 7; and

- notwithstanding the Debtor's assertions "that she never siphoned any funds from [Business Finland]" and "she never used monies belonging to [Business Finland] for her person gain or benefit" the Debtor "failed to rebut [Business Finland]'s prima facie showing that she misappropriated funds." *See,* Decision and Order, Statement of Facts ¶32, Exhibit G, at pages 6-7.

The State Court's findings of misappropriation were predicated upon material and necessary factual findings that the Debtor actively concealed her diversion of Plaintiff's funds for her own benefit. *See*, Statement of Facts, ¶29-31. One particularly revealing fact was that the Debtor admitted that she knowingly falsified bank statements and the Debtor herself provided an explanation for her willful conduct – "she wanted to be paid for all her expenses" -- which in turn, supports a finding of "willful injury." *See*, *See,* Decision and Order, Statement of Facts ¶30, Exhibit G, at page 7.

The Decision and Order likewise contains findings that the Debtor's conduct was malicious. The State Court specifically found that:

- The Debtor exhibited "a persistent pattern of disloyalty throughout [her] employment with [Business Finland]." *See,* Decision and Order, Statement of Facts ¶29, Exhibit G, at page 7;

---

[4] *See, Kawaauhau v. Geiger,* 523 U.S. 57 (1998); *Rocco v. Goldberg (In re Goldberg)*, 487 B.R. 112 (Bankr. E.D.N.Y. 2013).

- "[The Debtor and her husband] charged at least $402,164.08 of expenses on [the Debtor]'s American Express card related to improving their residence. [The Debtor] would pay the American Express bill directly from [Business Finland]'s 0565 account or route money to her AmEx account." See, Decision and Order, Statement of Facts ¶29, Exhibit G, at page 4;

- "[The Debtor] paid her American Express credit card with funds from plaintiffs 0565 account that she routed through the [Debtor and her husband]'s personal account." *Id.*;

- "The funds used to pay the AmEx card [of Black Labrador] came from [Business Finland]'s 0565 account…Black Labrador also received funds from [Business Finland] routed through [the Debtor and her husband]'personal account." *Id.*; and

- "The 0565 account statements show payments to AmEx totaling $177,521.44 in June 2015, including a $71,766.45 payment on June 12, 2015, and several payments of over $15,000 in the second half of June 2015. However, the falsified statement for June 2015 does not contain any entries after June 12, 2015 and does not show any entries for payments to AmEx. Also missing were numerous transfers made from the 0565 account directly into the [Debtor and her husband]'s account, [the Debtor] transferred $4,936.90 to the [Debtor and her husband]'s account on June 4, 2015, and another $7,965.00 to that same bank account on June 12, 20'15. The purported account statement she provided to Helsinki omit the transfer to the [Debtor and her husband]'s account on June 4th and showed a transfer of $2,267.73 (not $7,965.00) to the [Debtor and her husband]'s account on June 12th." *Id.*

These findings of the acts and conduct of the Debtor, especially in the context of the surrounding circumstances, more than sufficiently establish the requirement elements of malice.

Accordingly, the Decision and Order, together with the factual evidence submitted in the Motion, satisfy all the requisite elements of Business Finland's nondischargeability claims under 11 U.S.C. §§523(a)(2)(A), 523(a)(4), 523(a)(6), and 523(c).

The Debtor does not contest the applicability of the State Court's rulings. Her Opposition only repeats the arguments she presented to the State Court, where factual findings were *made against her on the same issues*. Accordingly, this Court's granting summary judgment on Business Finland's causes of action for a determination of nondischargeability is warranted and appropriate.

7

## II. THE DEBTOR'S EFFORTS TO DISTRACT FROM THE UNDISPUTED FINDINGS AND FACTS SHOULD BE REJECTED

The Debtor's Opposition is a last-ditch attempt by the Debtor to either re-litigate decided issues or an attempt to distract the Court with a lengthy recital of many other irrelevant allegations.

None of these arguments can be used to dispute, overrule, or appeal the findings of fact and conclusions of law in the Decision and Order, let alone to distract from the relevant facts Business Finland established in its Motion. All of Debtor's assertions and arguments that might conceivably be relevant to the Motion currently before this court were already considered and rejected by the State Court as contradicted by clear documentary evidence.

Business Finland recognizes this court's responsibility to review the Motion and factual circumstances in a light favorable to the non-moving party because summary relief is sought, but neither the court nor the movant is obligated to re-litigate and re-determine facts already decided in a prior State Court proceeding between the same parties, for exactly the same factual issues, nor to consider the many other assertions of facts that are entirely irrelevant to the Motion at issue.

This is particularly true when, as here, the Debtor offers no proof of her assertions in her Opposition except conclusory, self-serving statements which contradict the findings of fact in the Decision and Order. They must all be rejected as a matter of law. *See, e.g.*, *Hawkins v. N.Y. State Office of Mental Health,* No. 17-CV-649, 2019 WL 4520801, at *12 (S.D.N.Y. Sept. 19, 2019)(concluding that the "[p]laintiff's own self-serving statements, in her affidavits, memoranda, and deposition," were insufficient to survive the defendant's summary judgment motion because the statements were "all self-serving uncorroborated by an additional evidence" (collecting cases)), aff'd, 845 F.App'x 9 (2d Cir. 2021).

Debtor's Opposition alleges many disjointed facts and arguments without any proof:

>Debtor's Opposition recites her medical history (presumably as an excuse) and casts aspersions upon Business Finland and its employees for their response to her own bad conduct, both of which are irrelevant to the Motion. Other vague and unsubstantiated arguments include how the Debtor's transfer of funds to herself and payments to American Express and Black Labrador were for reimbursement of Business Finland's expenses, Business Finland and its employees were aware the Debtor was transferring funds to herself, American Express, and Black Labrador and nothing was said or done, and the Debtor was never questioned or asked about her accounting. The Debtor also describes Business Finland's history and reimbursement of expenses she incurred on behalf of Business Finland or other Business Finland employees for travel phone bills and events. The Debtor argues that she was authorized to repay herself expenses submitted and approved through WebTem. All such arguments about supposed repayment to the Debtor for Business Finland's office supplies, office rent, phone and internet bills *have already been made by the Debtor in the State Court proceedings, without any proof there either, and the State Court determined they were not true.*

Equally importantly, not a single one of them negates that the State Court decided – after hearing these same explanations and excuses from Debtor about her conduct -- that the Debtor committed fraud and defalcation when she improperly took Business Finland's money to pay to renovate her home, buy herself expensive jewelry, pay for a country club membership, and take a six-figure vacation to Southern France, causing a willful and malicious injury to Business Finland.

None of those facts are in genuine dispute, all of those relevant factual issues have already been decided against the Debtor by the State Court in its Decision and Order, and all of them support Business Finland's entitlement to summary relief from this court without any further proceedings regarding Debtor's irrelevant objections to such relief.

9

## CONCLUSION

For all of the reasons set forth herein and in the Motion, the Court should grant summary judgment in favor of Plaintiff and the debt owed by the Debtor to Plaintiff should be excepted from discharge pursuant to 11 U.S.C. §§523(a)(2), (4), and (6) and 523(c).

Dated: Scarsdale, New York
      January 9, 2025

      KIRBY AISNER & CURLEY LLP
*Attorneys for Business Finland USA, Inc.*
700 Post Road, Suite 237
Scarsdale, New York 10583
(914) 401-9500

By: */s/ Julie Cvek Curley*
      Julie Cvek Curley, Esq.