UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                                          Chapter 11

**4452 BROADWAY MAZAL LLC,**                                      Case No.:  23-11832 (LGB)

                                  Debtor.
-----------------------------------------------------------X

### ORDER CONFIRMING JOINT PLAN OF LIQUIDATION
### PROPOSED BY 4452 BROADWAY MAZAL LLC AND 4452 BROADWAY 1 LLC

**IT APPEARING THAT,** 4452 Broadway Mazal LLC ("Debtor") and 4452 Broadway 1 LLC ("Mortgage Lender," and together with the Debtor, "Plan Proponents") filed their Joint Plan of Liquidation Proposed by 4452 Broadway Mazal LLC and 4452 Broadway 1 LLC ("Plan") [ECF No. 76][1] and the Disclosure Statement for the Joint Plan of Liquidation Proposed by 4452 Broadway Mazal LLC and 4452 Broadway 1 LLC ("Disclosure Statement") [ECF No. 77] on February 14, 2024, as supplemented by the Supplement to the Joint Plan of Liquidation Proposed by 4452 Broadway Mazal LLC and 4452 Broadway 1 LLC [ECF No. 94] ("Supplement to Disclosure Statement"); and due and proper notice having been given with respect to the March 27, 2024 hearing to confirm the Plan ("Confirmation Hearing") and the procedures for filing objections to confirmation of the Plan; and Broadway Construction Group, LLC and AMR Electrical Contracting Corp. having each filed an objection to confirmation of the Plan (together, "Confirmation Objections") [ECF Nos. 97, 98]; and the Debtor and Mortgage Lender each having filed a response to the Confirmation Objections [ECF Nos. 104, 105]; and the Court having held the Confirmation Hearing; and upon the Declarations of Nir Amsel ("Amsel Decl.") and Jonathan Cuticelli in Support of Confirmation of Plan filed on March 26, 2024 ("Cuticelli Decl.") [ECF Nos. 100, 101]; and upon

---

[1] Capitalized terms not otherwise defined in this Confirmation Order shall have the same meaning as set forth in the Plan.

1

the proffer of counsel on the record at the Confirmation Hearing having been made, and the Amsel and Cuticelli Decls. having been accepted by the Court without objection and admitted into evidence at the Confirmation Hearing; and upon the record made at the Confirmation Hearing; and after due deliberation thereon and sufficient cause appearing therefore;

**IN ACCORDANCE** with Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), the Court makes the following findings of fact and conclusions of law which support confirmation of the Plan. To the extent any finding of fact contained herein shall later be determined to be a conclusion of law, it shall be so deemed and to the extent any conclusion of law contained herein shall later be determined to be a finding of fact it shall be so deemed.

**The Court Finds and Concludes That:**

### Jurisdiction and Venue

1. This civil proceeding arises under sections 1128 and 1129 of title 11 of the United States Code ("Bankruptcy Code") and arises in a case under the Bankruptcy Code.

2. This Court has jurisdiction of this civil proceeding pursuant to 28 U.S.C. §§157 and 1334 and the Standing Order of Reference Regarding Title 11 Cases to Bankruptcy Judges (S.D.N.Y. February 21, 2012) (Preska, C.J.). Venue in this district is proper pursuant to 28 U.S.C. §§1408 and 1409.

3. This is a core proceeding arising under sections 1128 and 1129 of the Bankruptcy Code and arising in a case under the Bankruptcy Code. See 28 U.S.C. §157(b)(1).

4. This Court may hear and determine this proceeding and enter appropriate orders and judgments pursuant to section 157(b)(1) of the Judicial Code. See 28 U.S.C. §157(b)(2)(A), (L) and (O).

### Disclosure Statement

5. On January 17, 2024, the Debtor filed its Motion for Entry of an Order (I) Approving

Disclosure Statement, Fixing Time for Filing Acceptances or Rejections of Debtor's Plan of Reorganization and Fixing the Time for the Confirmation Hearing; (ii) Approving Bid Procedures, and (iii) Granting Related Relief ("DS Motion") [ECF No. 41].

6.     On February 15, 2024, the Bankruptcy Court overruled any and all objections to approval of the Disclosure Statement and entered an Order granting the DS Motion ("DS Order") [ECF No. 80].[2]

7.     The DS Order, *inter alia*, approved the Disclosure Statement as containing adequate information in accordance with section 1125 of the Bankruptcy Code, directed the Plan Proponents to solicit ballots accepting or rejecting the Plan, set deadlines for the filing of ballots and objections to the Plan, and approved and directed the form and manner of service of notice thereof.

8.     Pursuant to the DS Order, the Confirmation Hearing was scheduled for March 27, 2024.

9.     On March 19, 2024, the Plan Proponents filed their Supplement to the Disclosure Statement.

**Solicitation of Ballots; Objections**

10.    As evidenced by the Certificates of Service [ECF Nos. 82, 84], on February 20, 2024, the DS Order, Plan, Disclosure Statement, and appropriate ballot or notification of non-voting status ("Solicitation Package") were served upon all interested parties in accordance with the DS Order and Bankruptcy Rules. The Supplement to the Disclosure Statement, Second Amendment to the DS Order, and amended schedules [ECF Nos. 85, 93] were served on all interested parties on March 20, 2024 [ECF Nos. 95, 96].

11.    All persons, entities and governmental agencies entitled or required to receive notice

---

[2] The DS Order was amended by the Court on February 27, 2024 [ECF No. 83] and March 19, 2024 [ECF No. 92].

of the Plan and Disclosure Statement have received due, proper, and adequate notice of the hearing on the adequacy of the information contained in the Disclosure Statement and the Confirmation Hearing.

12. On March 26, 2024, the Debtor caused to be filed the Certification of Acceptances and Rejections of Plan ("Ballot Certification") [ECF No. 99]. As set forth in the Ballot Certification, three (3) Classes of Claims and one (1) Class of Interests are Impaired by the Plan. As also set forth in the Ballot Certification, the Plan has been accepted by the holders of the Impaired Claim classified in Class 2 and Interest holders in Class 5, and rejected by the holders of Impaired Claims classified in Classes 3 and 4. While Class 5 has voted to accept the Plan, because they are not receiving any property under the Plan, they are deemed to reject the Plan, pursuant to section 1126(g) of the Bankruptcy Code.

13. Confirmation Objections were timely filed by Broadway Construction Group, LLC [ECF No. 97] and AMR Electrical Contracting Corp. [ECF No. 98].

### Conditions Precedent

14. All of the conditions precedent to Confirmation, if any, set forth in the Plan have been met or waived on the record in open court.

### Section 1129(a)

15. The Plan complies with the applicable provisions of the Bankruptcy Code.

16. The Plan properly classifies Claims as required by section 1122 of the Bankruptcy Code.

17. The Claims within each class designated under the Plan are substantially similar.

18. The classification of Claims was properly made and is appropriate in accordance with the terms of the Plan and the requirements of section 1122 of the Bankruptcy Code for the purposes of distribution of the consideration to be distributed to holders of Claims under the Plan.

19. The Plan properly specifies that Class 1 is not Impaired under the Plan, as required by section 1123(a)(2) of the Bankruptcy Code.

20. The Plan properly specifies that Classes 2 through 5 are Impaired under the Plan, as required by section 1123(a)(3) of the Bankruptcy Code.

21. The Plan provides the same treatment for each Claim of a particular class, unless the holder of a particular Claim agrees to a less favorable treatment, as required by section 1123(a)(4) of the Bankruptcy Code.

22. The Plan provides adequate, proper, and legal means for the Plan's implementation as required by section 1123(a)(5) of the Bankruptcy Code.

23. The Plan provides for the sale of the Property to the Mortgage Lender (which, under the Plan and herein, includes the Mortgage Lender's assignee, nominee, or designee) pursuant to a credit bid of its Mortgage Claim and payment of Allowed Claims from the Carve-Out.

24. The provisions of Section 9.1 of the Plan with respect to the rejection of Executory Contracts and Unexpired Leases are fair and appropriate and are consistent with the provisions of section 365 of the Bankruptcy Code as required by section 1123(b)(2) of the Bankruptcy Code.

25. The Plan is consistent with the interests of creditors and with public policy as required by section 1123(a)(7) of the Bankruptcy Code.

26. The Plan Proponents, as joint proponents of the Plan, have complied with the applicable provisions of the Bankruptcy Code, and in particular, with the requirements of sections 1125 and 1126 of the Bankruptcy Code as follows: the Plan Proponents served copies of the Plan, Disclosure Statement, Ballot, and DS Order and its amendments on all interested parties in accordance with the applicable Bankruptcy Rules and the DS Order and its amendments.

27. No creditor has solicited acceptances of the Plan or participated in the offer, issuance, sale, or purchase of securities of the Debtor.

28. The Plan has been proposed in good faith and not by any means forbidden by law and, viewed in the light of the totality of the circumstances surrounding the formulation, submission, distribution, and confirmation of the Plan, the Plan will fairly achieve a result consistent with the objectives and purposes of the Bankruptcy Code.

29. As required by section 1129(a)(4) of the Bankruptcy Code, any payment made or to be made by the Debtor or any person issuing securities or acquiring property under the Plan, for services or for costs and expenses in, or in connection with this case, or in connection with the Plan and incident to this case, has been approved by, or will be subject to the approval of, this Court as reasonable.

30. There are no rate changes provided for in the Plan, with respect to which rates, a governmental regulatory commission has jurisdiction over the Debtor after confirmation.

31. The sale of the Property to the Mortgage Lender pursuant to its credit bid was negotiated, proposed, and entered into by the Debtor and the Mortgage Lender without collusion, in good faith and from arm's length bargaining positions. The Mortgage Lender is not an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code. Neither the Debtor nor the Mortgage Lender have engaged in any conduct that would cause or permit the sale to the Mortgage Lender to be avoided.

32. No holder of an allowed secured claim has made an election under section 1111(b)(2) of the Bankruptcy Code.

33. Except to the extent that a holder of an Allowed Administrative Expense Claim and the Debtor agree to different treatment, the Debtor shall pay to each holder of an Allowed Administrative Expense Claim, Cash in an amount equal to such Claim (plus statutory interest on such claim, if applicable), on or as soon thereafter as is reasonably practicable, the later of (a) the Effective Date and (b) the first Business Day after the date that is thirty (30) calendar days after the

date such Administrative Expense Claim becomes an Allowed Administrative Expense Claim; provided that Allowed Administrative Expense Claims representing liabilities incurred in the ordinary course of business by the Debtor shall be paid by the Debtor in the ordinary course of business, consistent with past practice and in accordance with the terms and subject to the conditions of any agreements governing, instruments evidencing or other documents relating to such transactions.

34. The Plan provides that each holder of a Claim of a kind specified in section 507(a)(8) of the Bankruptcy Code shall receive at the election of the Debtor (i) Cash in an amount equal to such Allowed Priority Tax Claim on, or as soon thereafter as is reasonably practicable, the later of the Effective Date, the first Business Day after the date that is thirty (30) calendar days after the date such Priority Tax Claim becomes an Allowed Priority Tax Claim, and the date such Allowed Priority Tax Claim is due and payable in the ordinary course or (ii) such Allowed Priority Tax Claim shall be treated in accordance with the terms set forth in section 1129(a)(9)(C) of the Bankruptcy Code and, for the avoidance of doubt, holders of Allowed Priority Tax Claims will receive interest on such Allowed Priority Tax Claims after the Effective Date in accordance with sections 511 and 1129(a)(9)(C) of the Bankruptcy Code.

35. The Debtor has paid or shall pay all amounts due under 28 U.S.C. §1930, and any applicable interest thereon, in Cash in full as required by statute and until the closing, conversion or dismissal of this case.

36. The Debtor does not maintain any retiree benefits, as that term is defined in section 1114(a) of the Bankruptcy Code.

## Best Interests of Creditors

37. The Plan and the liquidation analysis, attached as Exhibit B to the Disclosure Statement, demonstrate that the Plan satisfies the "best interests test" as set forth in section

7

1129(a)(7) of the Bankruptcy Code. As stated in such liquidation analysis, each Impaired Class of Claims or Interests will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under chapter 7 of this title on such date.

### Feasibility

38. The Plan provides for the liquidation of the Property and therefore meets the feasibility requirement pursuant to section 1129(a)(11) of the Bankruptcy Code.

### Cramdown

39. The Plan satisfies the requirements of section 1129(b) of the Bankruptcy Code with respect to Claims in Class 3 (Other Secured Claims), which are now included in Class 4 (General Unsecured Claims) and Claims in Class 4 since the holders of Claims or Interests junior to Class 4 will not receive or retain on account of such junior Claim or Interest, any property. In addition, the Holders of any Interests junior to Class 5 (Existing Equity Interests) will not receive or retain any property on account of such Claim or Interest.

### Transfer Taxes

40. To the maximum extent provided by section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer under this Plan as confirmed by the Court, (including an instrument of transfer executed in furtherance of the sale contemplated by the Plan), shall not be subject to tax under any law imposing a stamp tax, real estate transfer tax, mortgage recording tax or similar tax due on the sale or transfer of the Property in connection with or in furtherance of the Plan as confirmed by the Court and the funding requirements contained herein and shall not be subject to any state, local or federal law imposing such tax and the appropriate state or local government officials or agents shall forego

collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.

**IT IS THEREFORE**

**ORDERED**, that the Confirmation Objections are overruled except as otherwise provided for in this Confirmation Order and with respect to the Returned Funds (as defined in the Supplement to the Disclosure Statement, ECF 94) and the Plan be and is hereby confirmed; and it is further

**ORDERED,** that the Plan meets each of the requirements of section 1129(a) except for section 1129(a)(8); and it is further

**ORDERED,** that the Plan meets the requirements of section 1129(b) as it does not discriminate unfairly and is fair and equitable; and it is further

## Sale to Mortgage Lender

**ORDERED**, that the sale of the Property to the Mortgage Lender pursuant to its credit bid shall constitute a sale made "under a plan confirmed under" section 1129 of the Bankruptcy Code, and is approved pursuant to sections 1123(a)(5) and 1146 of the Bankruptcy Code; and it is further

**ORDERED**, that the Debtor shall close the sale transaction with the Mortgage Lender pursuant to sections 1123(a)(5) and 1146 of the Bankruptcy Code and the Plan no later than June 30, 2024, provided however that any further extension will occur only pursuant to an order of the Court; and it is further

## Vesting of Assets

**ORDERED**, that, at the Closing, pursuant to section 1141(c) of the Bankruptcy Code, the Property shall vest in the Mortgage Lender, free and clear of all Claims, Liens, encumbrances, charges and other interests, except as provided pursuant to this Plan and the Confirmation Order (except as to the Mortgage Lender's lien, which may be assigned to a lender to the Mortgage Lender); and it is further

**ORDERED**, except as otherwise provided in the Plan or in any contract, instrument, release, or other agreement or document created pursuant to the Plan, at the Closing, all mortgages, deeds of trust, Liens, including any mechanic's liens filed against the Property, pledges, or other security interests against the Property shall be fully released, settled, and compromised (except that the Mortgage Lender's lien may be assigned to a lender to the Mortgage Lender); and it is further

**ORDERED**, that following the Effective Date, subject to the Plan and this Confirmation Order, the Post-Effective Date Debtor has the right to operate, buy, use, acquire and dispose of any remaining assets of its Estate and may settle and compromise any claims, interests and causes of action free of any restrictions contained in the Bankruptcy Code or the Bankruptcy Rules; and it is further

**ORDERED,** that notwithstanding anything else to the contrary in the Plan or this Confirmation Order, the Court will determine the rights of the Estate, creditors and parties in interest with respect to the $1,002,966.98 in Returned Funds, including but not limited to Moncon, Inc., the Mortgage Lender, Broadway Construction Group LLC, AMR Electrical Contracting Corp., the Class 4 unsecured creditors and the Estate; and it is further

## Disbursing Agent

**ORDERED**, that pursuant to the Plan, Leech Tishman Robinson Brog, PLLC shall act as the Disbursing Agent; and it is further

**Consummation of the Plan**

**ORDERED**, that the Post-Effective Date Debtor may enter into such agreements as are deemed by it to be necessary to consummate the Plan without further order of the Court; and it is further

**ORDERED**, that except as specifically provided in the Plan or this Confirmation Order, the Post-Effective Date Debtor is authorized, directed and empowered to do all things and take all actions reasonably necessary to effectuate the consummation and implementation of the Plan, including, but not limited to, executing all documents, filing all requisite documents with appropriate state and local authorities, establishing all accounts, making all distributions and paying all costs in connection with consummating the Plan; and it is further

**ORDERED**, that any Liens held against the Debtor's property by any creditor of the Debtor must be released as a condition to payment of any Allowed Claim held by such creditor; and it is further

**ORDERED**, that this Confirmation Order and all related agreements and documents necessary to implement the Plan shall be binding upon and inure to the benefit of any successors and assigns of the Debtor; and it is further

**ORDERED**, that, in furtherance hereof, and in accordance with section 1142(b) of the Bankruptcy Code, after the Effective Date, the Post-Effective Date Debtor is authorized to execute and file and record any satisfaction of lien necessary to effectuate or consummate the terms of the Plan or this Confirmation Order, in the name of the Debtor, or in the name of any necessary party thereto, and each and every federal, state and local governmental agency or department is hereby directed to accept any such document; and it is further

**Transfer Taxes; Recording and Filing Documents**

**ORDERED**, that to the maximum extent provided by section 1146(a) of the Bankruptcy Code, the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer under this Plan as confirmed by the Court, (including an instrument of transfer executed in furtherance of the sale contemplated by the Plan), shall not be subject to tax under any law imposing a stamp tax, real estate transfer tax, mortgage recording tax or similar tax due on the sale or transfer of the Property in connection with or in furtherance of the Plan as confirmed by the Court and the funding requirements contained herein and shall not be subject to any state, local or federal law imposing such tax and the appropriate state or local government officials or agents shall forego collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment; and it is further

**ORDERED**, that the Court shall retain jurisdiction with respect to any disputes or controversies arising with respect to the above ordered paragraph; and it is further

**ORDERED**, that from and after the Effective Date, pursuant to section 1146(a) of the Bankruptcy Code, all state and local government agencies, entities or authorities are jointly and severally restrained and enjoined from commencing or continuing any action to collect from the Debtor or its Property, any stamp, transfer or similar tax within the meaning of section 1146(a) of the Bankruptcy Code with respect to the transactions contemplated or described in the Plan; and it is further

**ORDERED**, that the Office of the Register of the City of New York in New York County shall record any recordable instrument of transfer with respect to the transfer of any asset pursuant to or in furtherance of the Plan and any other related instruments contemplated under the Plan (collectively, the "Transfer Documents") without the payment of any New York State Real Estate

Transfer Tax imposed under article 31 of the New York Tax Law, any New York City Real Property Transfer Tax imposed under section 11-2102 of the New York City Administrative Code, any filing fees or recording fees with respect thereto, and any other tax within the purview of section 1146(a) of the Bankruptcy Code; and it is further

**ORDERED**, that each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary, useful, or appropriate to effectuate, implement and consummate the transactions contemplated by the Plan and this Confirmation Order; and it is further

**ORDERED**, that all filing officers are directed to accept for recording or filing and to record or file the Transfer Documents immediately upon presentation thereof without payment of such taxes and without the presentation of any affidavits, instruments or returns otherwise required for recording, and the recording officer is directed to comply with the provisions of this Confirmation Order; and it is further

### Releases and Injunction

**ORDERED**, except as otherwise provided for in the Plan and the Confirmation Order, Section 11 of the Plan shall bind the Debtor and the Debtor's Estate and all creditors of the Debtor; and it is further

**ORDERED,** that the release provisions in Section 5.7 of the Plan are hereby approved; and it is further

**ORDERED**, to the extent permitted under section 1125(e) of the Bankruptcy Code, neither the Exculpated Parties nor any of their respective officers, directors, or employees (acting in such capacity) nor any professional person employed by any of them, shall have or incur any liability to any entity for any action taken or omitted to be taken in connection with or related to the formulation, preparation, dissemination, Confirmation or consummation of the Plan, the Disclosure

13

Statement, the Supplement to the Disclosure Statement, the Plan Supplement or any contract, instrument, release or other agreement or document created or entered into, or any other action taken or omitted to be taken in connection with the Plan, provided that each Exculpated Party shall be entitled to rely upon the advice of counsel concerning his, her, or its duties pursuant to, or in connection with, the Plan or any other related document, instrument, or agreement, except in the case of fraud, gross negligence, willful misconduct, malpractice, breach of fiduciary duty, criminal conduct, unauthorized use of confidential information that causes damages, or ultra vires acts. Nothing in Section 11.8 of the Plan shall limit the liability of the Debtor's professionals pursuant to Rule 1.8 (h)(1) of the New York State Rules of Professional Conduct. Nothing in the Plan or the Confirmation Order shall effect a release of any claim by the United States Government or any of its agencies or any state and local authority whatsoever, including, without limitation, any claim arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority against the Debtor or any of its respective members, shareholders, officers, directors, employees, attorneys, advisors, agents, representatives and assigns, nor shall anything in the Plan enjoin the United States or any state or local authority from bringing any claim, suit, action or other proceedings against the Debtor or any of its respective members, officers, directors, employees, attorneys, advisors, agents, representatives and assigns for any liability whatever, including without limitation, any claim, suit or action arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state or local authority, nor shall anything in this Plan exculpate Debtor or any of its respective members, officers, directors, employees, attorneys, advisors, agents, representatives and assigns from any liability to the United States Government or any of its agencies or any state and local authority whatsoever, including liabilities arising under the Internal Revenue Code, the environmental laws or any criminal laws of the United States or any state and local authority; and it is further

**ORDERED**, that, except as otherwise provided in the Plan and this Confirmation Order with respect to the Returned Funds, upon the Effective Date, in consideration of the Cash and other property to be distributed to or on behalf of the holders of Claims and Interests under the Plan, the Plan shall be deemed to resolve all disputes and constitute a settlement and release, between and among the Debtor, on the one hand, and the Mortgage Lender, on the other, from any claim or liability, whether legal, equitable, contractual, secured, unsecured, liquidated, unliquidated, disputed, undisputed, matured, unmatured, fixed or contingent, known or unknown, that the Debtor or Mortgage Lender ever had or now have through the Effective Date in connection with the Mortgage Claim (including, without limitation, any claims the Debtor may assert on its own behalf or on behalf of Creditors or Interest Holders pursuant to sections 510 and 542 through 553 of the Bankruptcy Code, any claims Creditors or Interest Holders may have asserted derivatively on behalf of the Debtor absent bankruptcy, any claims based on the conduct of the Debtor's business affairs prior or subsequent to the commencement of the Case or any claims based on the negotiation, submission and confirmation of the Plan); and it is futher

**ORDERED**, that, except (i) as otherwise provided under Final Order entered by the Bankruptcy Court or (ii) with respect to the Debtor's obligations under the Plan, the entry of the Confirmation Order shall forever stay, restrain and permanently enjoin with respect to any Claim held against the Debtor as of the date of entry of the Confirmation Order (i) the commencement or continuation of any action, the employment of process, or any act to collect, enforce, attach, recover or offset from the Debtor, from the Property, or from property of the Estate that has been or is to be distributed under the Plan, and (ii) the creation, perfection or enforcement of any lien or encumbrance against the Property and any property of the Estate that has been or is to be, distributed under the Plan (except to the extent the Mortgage Lender's lien is assigned to a lender to the Mortgage Lender). Except as otherwise provided in the Confirmation Order, the entry of the

15

Confirmation Order shall constitute an injunction against the commencement or continuation of any action, the employment of process, or any act to collect, recover or offset from the Debtor, from the Property, or from property of the Estate, any claim, any obligation or debt that was held against the Debtor by any person or entity as of the Confirmation Date except pursuant to the terms of this Plan. The entry of the Confirmation Order shall permanently enjoin all Creditors, their successors and assigns, from enforcing or seeking to enforce any such Claims; and it is further

**ORDERED,** that, the foregoing injunction shall apply to the holder of a debt, claim or interest, whether or not a proof of claim was filed or deemed filed, whether or not such claim was allowed, whether or not the holder of such claim accepted the Plan, and whether or not the right to payment was reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; and it is further

**ORDERED,** that, from and after the Effective Date, a copy of the Confirmation Order and the Plan shall constitute, and may be submitted as, a complete defense to any claim or liability released pursuant to Section 11 of the Plan; and it is further

### Statutory and Professional Fees

**ORDERED**, that the Post-Effective Date Debtor shall (1) pay all amounts due under 28 U.S.C. §1930, and any applicable interest thereon, in Cash in full as required by statute until the closing, conversion or dismissal of this case; and (2) file all required quarterly disbursements reports no later than twenty days after the end of each quarter until the closing, conversion or dismissal of this case; and it is further

### Retention of Jurisdiction

**ORDERED**, that in addition to the retention of jurisdiction with respect to transfer taxes, the Court shall retain jurisdiction of this case with respect to motions pending before this Court on or before the Effective Date and thereafter, and matters provided for in Section 12 of the Plan,

including, but not limited to ensuring that the Plan is consummated, resolving any and all controversies, suits or issues arising in connection with the consummation, interpretation or enforcement of the Plan or obligations arising thereunder, to the consideration of any objections filed within the time permitted pursuant to the Plan to the allowance of any Claim and other matters arising out of or related to the Plan; and it is further

**ORDERED,** that the rights of creditors and the Estate to the Returned Funds are not altered by this Confirmation Order and such rights are reserved with respect to the Returned Funds until the Court makes a determination as to who is entitled to the Returned Funds; and it is further

**ORDERED**, that the Returned Funds shall continue to be held in a segregated escrow account maintained by Debtor's counsel until further Order of the Bankruptcy Court; and it is further

### Notice Provisions and Claims Bar Dates

**ORDERED**, that notice of the entry of this Confirmation Order shall be served by the Debtor to all of its creditors, and other such parties as are entitled to notice within ten days of the date of entry this Confirmation Order; and it is further

**ORDERED**, that upon the occurrence of the Effective Date, notice of the Administrative Expense Claims Bar Date shall be served by the Debtor to all of its creditors, and other such parties as are entitled to notice; and it is further

**ORDERED**, that any claims of a kind specified in Section 2 of the Plan, including Administrative Expense Claims, that are not filed on or before the respective deadlines set forth therein shall not participate in any distribution under the Plan and shall be forever barred; neither the Debtor, nor its estate, nor any disbursing agent, nor any officer, director, employee or professional person employed by any of the foregoing shall have any liability therefor or with respect thereto; and any holder of any such claim shall be forever barred from asserting any such claim against the Debtor, its estate, any disbursing agent, any officer, director, employee or professional person

employed by any of the foregoing, or its respective property, whether any such claim is deemed to arise prior to, on or subsequent to the Effective Date; and it is further

**ORDERED**, that, except as otherwise hereafter directed by the Court, after the Effective Date, notice of all subsequent pleadings in this case shall be limited to those parties entitled to receive notice pursuant to Bankruptcy Rule 2002 and those Entities who have filed requests to continue to receive notice after the Effective Date; and it is further

**ORDERED**, that notwithstanding Bankruptcy Rules 3020(e), 6004(h), 7062 or otherwise, this Confirmation Order shall not be automatically stayed, but shall be effective and enforceable immediately upon the entry of this Confirmation Order.

Dated:  New York, New York
          April 5, 2024

*/s/ Lisa G. Beckerman*
**Honorable Lisa G. Beckerman**
**United States Bankruptcy Judge**